PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Adultery.

No. 1253.—Decided April 11, 1918.

ADULTERY.—The fact that two persons must necessarily participate in the carnal
    act in order that the crime of adultery may be committed does not imply that
    complaint must be made against both in order that one of them may be prose-
    cuted.
ID. — IDENTITY — PRESUMPTION. — The appellant in this case having been charged
    under the name of Angel Antonio Rivera and an authentic certificate of the
    marriage of Angel Antonio Rivera having been offered in evidence by the
    prosecution and admitted by the court, the presumption is (sec. 102, clause
    25, Law of Evidence, Comp. 1911, sec. 1470) that the Angel Antonio Rivera
    charged in the information and the Angel Antonio Rivera named in the cer-
    tificate of marriage are one and the same person.

The facts are stated in the opinion.

Mr. *José Ramón Freyre* for the appellant.

Mr. *Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a prosecution for adultery. The complaint was
made originally in the Municipal Court of Ponce by the dis-
trict attorney and charged Angel Antonio Rivera, a married
man, with the crime of adultery in that he had carnal inter-
course in the Hogar Hotel of Ponce with a young unmarried
woman named Amelia Martí, who was not his wife. The
defendant was convicted in the municipal court. He ap-
pealed to the district court and upon a trial *de novo* was
again convicted, whereupon he appealed to this court.

The appellant assigns three errors in his brief, which
we will consider in the regular order.

1. *The district court erred in overruling the defendant's
demurrer.* The appellant maintains that the complaint does
not charge the commission of the crime of adultery, because
two persons must participate in the commission of this crime
and in this case criminal liability is charged against only
one. We agree that two persons must necessarily participate

in the carnal act in order that the crime of adultery may be committed, but this does not imply that complaint must be made against both in order that one of them may be prosecuted.

2. *The court acted without jurisdiction.* The appellant contends that if the crime were committed the evidence showed that it was committed in Lajas and not in Ponce and that therefore, according to section 8 of the Code of Criminal Procedure, the court having jurisdiction was the Mayagüez court and not the Ponce court.

The only evidence examined which tended to show that the offense was committed within the jurisdiction of the District Court of Mayagüez and not of that of Ponce was the testimony of the defendant before the Municipal Court of Ponce to the effect that he had carnal intercourse with the young woman Martí in San Germán and not in Ponce, but this testimony is contradicted by the testimony of Amelia Martí and by the other evidence which we shall consider in disposing of the last of the errors assigned. Therefore it cannot be held that the court acted without jurisdiction.

3. *The evidence for the prosecution is insufficient.* At the hearing the appellant, by his attorney, insisted that it had not been shown that the defendant was the same person referred to in the certificate of marriage offered in evidence by the prosecution. The first evidence introduced by the prosecution at the trial was the "Certificate of the municipal secretary in charge of the Civil Registry of Lajas, P. R., José A. Morales, of August 24, 1917, to which no objection was made by the defense as regards what the said certificate may prove and was admitted by the court and marked Exhibit A for The People of Porto Rico, in order to show the marriage of defendant Antonio Rivera to Providencia Flores, the certificate reading as follows: * * *." Nothing more appears from the record. No exception was noted in regard to this point in the bill of exceptions prepared by the said defendant. Therefore, the appellant having been charged

under the name of Angel Antonio Rivera and an authentic certificate of the marriage of Angel Antonio Rivera having been offered in evidence by the prosecution and admitted by the court in order to prove that he was married, the presumption, which has not been refuted by the defendant, follows (sec. 102, par. 25, Law of Evidence, Comp. 1911, sec. 1470) that the Angel Antonio Rivera charged in the information and the Angel Antonio Rivera named in the certificate of marriage are one and the same person. 19 R. C. L. 1332. The limitation with which the defense was seemingly satisfied that the document should be admitted was neither clear nor frank and it cannot now be considered sufficient for holding that the certificate is not evidence of the marriage of the defendant.

The defendant further contends that the evidence is insufficient because the testimony of Amelia Martí, his accomplice, is not corroborated in its material features.

The evidence shows that the defendant was driving in an automobile through a ward of Lajas when he met Amelia Martí walking with Joaquín Barros and Carmen Luisa Torres, who were engaged to be married. That the defendant invited them to accompany him. They accepted and went as far as Ponce. Amelia Martí testified that when she discovered that she was going so far she became frightened and began to cry, but the others convinced her that nothing wrong would happen to her. Barros denied this. Continuing, Amelia Martí testified that upon arriving at Ponce they went to the Hogar Hotel and Carmen Luisa said to her that as she was going to be married she would sleep with her husband and that the witness could sleep with the defendant. That she did so and there lost her virginity. Barros contradicted Amelia Martí's testimony and declared that the two women slept in one room and the two men in another, but admitted that the rooms communicated with each other

from the inside. Amelia Martí testified that she lost her chastity with the defendant and Dr. Lassise examined her a few days later and found that the young woman had been deflowered recently. We are informed of the admission made by the defendant through the testimony of the municipal judge to which we referred in considering the second assignment of error.

This being the result of the evidence, it clearly cannot be held that the testimony of Amelia Martí lacks corroboration. Throughout the record of the prosecution the figure of that poor young woman of eighteen years of age stands out as a woman weak in the defense of her honor who easily succumbed to the flattery of an invitation to ride in an automobile, to the scenes of a city and to the freedom of a hotel. She was excited by the spectacle of an unscrupulous pair of lovers near her for several hours and at the same time influenced by the presence of a man of corrupt morals to whom she finally surrendered her chastity in the shadows of the night.

The offense is a grave one. As we have seen, the woman is not blameless. But she appears throughout the prosecution as a weak woman who did not know how to defend her honor in that firm and decided manner which both the law and morality demanded. The defendant appears as a criminal who, for the purpose of satisfying his carnal desires, betrayed the fidelity which he owed his wife and destroyed the honor of a poor country girl.

Under such circumstances it must be concluded that the defendant was properly convicted. The only observation that can be made as to the sentence is that it was too light, since only a fine was imposed, whereas a term of imprisonment should have been added.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.